**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELMER RAMIREZ-GUZMAN, AKA Elmer Ramirez,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 16-72431<br><br>Agency No. A205-716-738<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018**

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Elmer Ramirez-Guzman, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reconsider the dismissal of his appeal from an immigration judge's decision

denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Ramirez-Guzman's motion to reconsider for failure to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1). Ramirez-Guzman has not shown error in the BIA's prior determination that he failed to meet his burden of establishing good moral character for cancellation of removal and voluntary departure, where record evidence did not rule out the possibility that he actually served an aggregate period of 180 days or more for his criminal conviction sentences. *See* 8 U.S.C. §§ 1101(f)(7), 1229b(b)(1)(B), 1229c(b)(1)(B); 8 C.F.R. § 1240.8(d) ("If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.").

To the extent Ramirez-Guzman contends the BIA was required to determine whether his criminal convictions rendered him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C), or that there was ineffective assistance of counsel in his underlying proceedings, we lack jurisdiction to consider these unexhausted contentions. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.

2010) (this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**